94 F.3d 648
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
ALLSTATE INSURANCE COMPANY, Appellee,
v.
Mildred L. JOHNSON; Kristi B. Johnson, by and through her
next friend Mildred L. Johnson; Tiffany D.
Bryant, by and through her next friend
Mildred L. Johnson, Defendants,
Lawrence Tidwell; Charlotte Tidwell, Appellants,
Christopher D. Henson, Defendant.
 No. 95-3521.
 United States Court of Appeals, Eighth Circuit.
 Submitted: June 20, 1996.
Filed: August 6, 1996.
 
 Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lawrence and Charlotte Tidwell appeal from the district court's[1] order denying their motions for judgment as a matter of law and for a new trial in this diversity action arising out of a dispute over automobile insurance coverage. We affirm.
 
 
 2
 Allstate Insurance Company (Allstate) filed this action seeking a declaration of its obligations under an insurance policy it had issued to the Tidwells. The district court conducted a one-day jury trial, at which the following evidence was adduced. In November 1992, Allstate notified the Tidwells that their policy would be canceled for nonpayment of premium at 12:01 a.m. on November 25 if payment was not received prior to that time. At approximately 3:46 p.m. on November 25, the Tidwells' vehicle was involved in an accident with another vehicle. Following the accident, the Tidwells paid the premium. Allstate processed the premium, reinstated coverage effective December 5, and refused to defend the Tidwells in a state court action filed by the driver and passengers of the second vehicle. A former Allstate claims representative testified that when the Tidwells had previously made late payments, coverage was reinstated as of the date the accounting department received and posted the payment, and that the premium allocable to the lapsed period was either credited to the Tidwells' account or refunded to them by check. Over the Tidwells' best-evidence-rule objection, the claims representative also testified that Allstate had sent the Tidwells a $59 refund check for the relevant lapsed period.
 
 
 3
 At the close of testimony, the district court denied the Tidwells' motion for judgment as a matter of law. The jury returned a verdict in favor of Allstate, and the Tidwells renewed their motion for judgment as a matter of law, and moved in the alternative for a new trial. The district court concluded that the verdict was supported by ample evidence, and denied the Tidwells' motions. On appeal, the Tidwells argue that the district court improperly denied their post-trial motions, and that the district court committed prejudicial error when it overruled their best-evidence-rule objection.
 
 
 4
 Having reviewed the trial transcript and the parties' briefs, we reject the Tidwells' arguments. We agree with the district court that ample evidence supported the jury's verdict. Accordingly, the judgment of the district court is affirmed. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas